

# IN THE
# TENTH COURT OF APPEALS

### No. 10-14-00116-CV

**ISAAC MAHURON,**

**Appellant**

**v.**

**TDCJ,**

**Appellee**

### From the County Court at Law
### Walker County, Texas
### Trial Court No. 11568-CV

## CONCURRING OPINION

This appeal involves a question of statutory construction. It is not about substantial compliance. There is no question the inmate did not comply: not even close. He could not comply. The State made compliance impossible.

The question is what is the alternative to compliance if the ability to comply with one statute is prevented by the opposing party? Here, another statute provides a remedy; but is it an available remedy if the first statute does not provide for the use of

the remedy?  The question thus becomes whether the two statutes are in conflict or whether they can be reconciled in some manner.

Chapter 14 provides:

(a)  An inmate who files a claim that is subject to the grievance system established under Section 501.008, Government Code, shall file with the court:

(1)  an affidavit or unsworn declaration stating the date that the grievance was filed *and the date the written decision described by Section 501.008(d), Government Code, was received by the inmate; and*

(2)  *A copy of the written decision from the grievance system.*

(b)  A court shall dismiss a claim if the inmate fails to file the claim before the 31st day after the date the inmate receives the written decision from the grievance system.

(c)  If a claim is filed before the grievance system procedure is complete, the court shall stay the proceeding with respect to the claim for a period not to exceed 180 days to permit the completion of the grievance system procedure.

TEX. CIV. PRAC. & REM. CODE ANN. § 14.005 (West 2002) (emphasis added).

Mahuron asserts that the State frustrated his efforts to exhaust his Step 2 grievance by never ruling on it.  In fact, he alleges that notwithstanding that he personally handed his Step 2 grievance to the UGI (Unit Grievance Investigator) C. Brewer, the State reports no "computer" record of having received it, much less having decided it.

Mahuron, then unable to comply with Chapter 14, only knew one thing to do—file suit.  He did.  Fortunately for Mahuron, there is another statue that addresses the

same issues as Chapter 14 of the Texas Civil Practice and Remedies Code. The Texas Government Code provides:

(a) The department shall develop and maintain a system for the resolution of grievances by inmates housed in facilities operated by the department or under contract with the department that qualifies for certification under 42 U.S.C. Section 1997e and the department shall obtain and maintain certification under that section. A remedy provided by the grievance system is the exclusive administrative remedy available to an inmate for a claim for relief against the department that arises while the inmate is housed in a facility operated by the department or under contract with the department, other than a remedy provided by writ of habeas corpus challenging the validity of an action occurring before the delivery of the inmate to the department or to a facility operated under contract with the department.

(b) The grievance system must provide procedures:

(1) for an inmate to identify evidence to substantiate the inmate's claim; and

(2) for an inmate to receive all formal written responses to the inmate's grievance.

(c) A report, investigation, or supporting document prepared by the department in response to an inmate grievance is considered to have been prepared in anticipation of litigation and is confidential, privileged, and not subject to discovery by the inmate in a claim arising out of the same operative facts as are alleged in the grievance.

(d) An inmate *may not file a claim* in state court regarding operative facts for which the grievance system provides the exclusive administrative remedy *until*:

(1) *the inmate receives a written decision issued by the highest authority provided for in the grievance system; or*

(2) *if the inmate has not received a written decision described by Subdivision (1), the 180th day after the date the grievance is filed*.

(e) The limitations period applicable to a claim arising out of the same operative facts as a claim for which the grievance system provides the exclusive remedy:

  (1) is suspended on the filing of the grievance; and

  (2) remains suspended until the earlier of the following dates:

    (A) the 180th day after the date the grievance is filed; or

    (B) the date the inmate receives the written decision described by Subsection (d)(1).

(f) This section does not affect any immunity from a claim for damages that otherwise exists for the state, the department, or an employee of the department.

TEX. GOV'T CODE ANN. § 501.008 (West 2012) (emphasis added).

These two statutes address a number of the same activities. Our attention is on the requisites of the inmate's filing in State court to avoid dismissal as it relates to exhaustion of administrative remedies. Thus, we note that Texas Civil Practice and Remedies Code section 14.005(a)(2) requires that "a copy of the written decision from the grievance system" must be filed with the trial court clerk. TEX. CIV. PRAC. & REM. CODE ANN. § 14.005(a)(2) (West 2002). It allows for nothing less. Failure to file a copy of the written decision can result in dismissal. *Id.* (b). The statutes presumes the grievance system will always result in a written decision.

Texas Government Code section 501.008(d)(2) does not make such a presumption. Instead, it provides the remedy: if the inmate has not received the

written decision by the 180th day after the date the grievance was filed, the inmate can proceed to file suit. *See* TEX. GOV'T CODE ANN. § 501.008(d)(2) (West 2012).

So, are the two statutes in conflict? It may initially appear so. Can the statutes be reconciled? Sure they can. Quite easily.

An inmate cannot file what is never provided. The State cannot require an impossible act when it controls the ability to comply. When the inmate alleged the State had failed to comply with the grievance system by not providing a written decision of his Step 2 grievance, he took himself out of the need to comply with a portion of section 14.005(a)(1) and (2) and from any claim that the proceeding could be dismissed on that basis. The inmate's relief from the State's failure to provide the written decision is to proceed to the filing of the claim in State court pursuant to Texas Government Code section 501.008(d)(2).

It may be important to understanding this analysis to know that the Attorney General's Office, representing the State, never denied receiving the Step 2 grievance and offered no evidence to rebut Mahuron's assertion that the properly completed Step 2 grievance was hand delivered to the UGI. The State only asserted there was no "computer record" that a Step 2 grievance was filed. There was no affidavit by the UGI or other evidence denying that the Step 2 grievance was hand delivered as Mahuron contends.

Thus, we reserve for another day what the procedure would be if there is a disputed fact issue about whether an inmate timely filed the Step 2 grievance. Likewise, it is of no importance in this proceeding that the suit was filed well before the 180 day period specified in the Government Code. The remedy for a prematurely filed suit is a stay until the period expires, not dismissal of the suit. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.005(c) (West 2002). In this instance, it was not dismissed for failure to comply with Chapter 14 until long after the 180 day period had expired.

The cases cited as a basis for the determination that the inmate "substantially compiled" with the filing requirement of Chapter 14 are not on point or are easily distinguishable; but there is no reason to do so herein.

Finally, I note that one of the arguments made by Mahuron is that the State should not be allowed the ability to use its failure to comply with the grievance system to have the suit against it dismissed. Without actually using the words, the argument made by Mahuron is that the State should be estopped from obtaining a dismissal because it did not timely provide the inmate with a written decision to the inmate's Step 2 grievance. To allow such would stand the concepts of access to the courts and due process on their ear. The State completely fails to address this argument.

If you look only to Chapter 14 of the Texas Civil Practice and Remedies Code for the resolution to this case, the estoppel argument must be addressed. To some extent, that appears to be what the Court has done, albeit under the label of "substantial

compliance." However, because the Government Code provides a remedy when the State fails to comply with its own grievance system, the issue of estoppel need not be resolved in this opinion.

**CONCLUSION**

Because Mahuron is expressly authorized by Texas Government Code section 501.008(d)(2) to file suit when the State has failed to provide a written decision to an inmate's Step 2 grievance, the trial court erred in granting the State's motion to dismiss Mahuron's claim for failure to comply with Chapter 14 of the Texas Civil Practice and Remedies Code. Because this analysis yields the same judgment as that supported by the Court's opinion, I respectfully concur in that judgment but not in the Court's opinion.

TOM GRAY
Chief Justice

Concurring opinion delivered and filed October 15, 2015

